Gen Esq Law PLLC
Janelle J. Romero, Esq. (5750195)
515 Madison Avenue #8140
New York, NY 10022
Telephone: (201) 503-7754

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
MISHELLE GARCIA, individually and on behalf of all others similarly situated,

                          Plaintiff,

-against-

DEJAVU OF STATEN ISLAND, CORP. d/b/a DejaVu Sports Bar, and CARLOS DIAZ and FERNANDO VIVANCO, as individuals,

                          Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **MISHELLE GARCIA, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by her attorneys at Gen Esq Law PLLC, alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **MISHELLE GARCIA, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **DEJAVU OF STATEN ISLAND, CORP. d/b/a DejaVu Sports Bar, and CARLOS DIAZ and FERNANDO VIVANCO, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at DEJAVU OF STATEN ISLAND, CORP. d/b/a DejaVu Sports Bar located at 297 Port Richmond Avenue, Staten Island, New York 10302.

1

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff MISHELLE GARCIA residing at 109 Sheraden Avenue, Staten Island, New York 10314, was employed from in or around December 2019 until in or around June 2022 by Defendants at DEJAVU OF STATEN ISLAND, CORP. d/b/a DejaVu Sports Bar, located at 297 Port Richmond Avenue, Staten Island, New York 10314.
9. Defendant, DEJAVU OF STATEN ISLAND, CORP. d/b/a DejaVu Sports Bar, hereinafter referred to as "DEJAVU", is a corporation organized under the laws of New York.
10. Defendant DEJAVU is a corporation authorized to do business under the laws of New York.
11. Upon information and belief, Defendant DEJAVU is a corporation organized under the laws of New York with a principal executive office at 297 Port Richmond Avenue, Staten Island, New York 10314.

12. Upon information and belief, Defendant CARLOS DIAZ owns and/or operates DEJAVU.
13. Upon information and belief, Defendant CARLOS DIAZ is an agent of DEJAVU.
14. Upon information and belief, Defendant CARLOS DIAZ has power over personnel decisions at DEJAVU.
15. Upon information and belief, Defendant CARLOS DIAZ has power over payroll decisions at DEJAVU.
16. Defendant CARLOS DIAZ has the power to hire and fire employees at DEJAVU, establish and pay their wages, set their work schedule, and maintains their employment records.
17. Upon information and belief, Defendant FERNANDO VIVANCO owns and/or operates DEJAVU.
18. Upon information and belief, Defendant FERNANDO VIVANCO is an agent of DEJAVU.
19. Upon information and belief, Defendant FERNANDO VIVANCO has power over personnel decisions at DEJAVU OF STATEN ISLAND.
20. Upon information and belief, Defendant FERNANDO VIVANCO has power over payroll decisions at DEJAVU.
21. Defendant FERNANDO VIVANCO has the power to hire and fire employees at DEJAVU, establish and pay their wages, set their work schedule, and maintains their employment records.
22. During all relevant times herein, Defendant CARLOS DIAZ was Plaintiff's employer within the meaning of the FLSA and NYLL.
23. During all relevant times herein, Defendant FERNANDO VIVANCO was Plaintiff's employer within the meaning of the FLSA and NYLL.
24. On information and belief, Defendant DEJAVU is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for

commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

25. At all times relevant to this action, Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all times relevant to this action, Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and Defendants employed and/or jointly employed Plaintiff.

### FACTUAL ALLEGATIONS

27. Plaintiff MISHELLE GARCIA was employed from in or around December 2019 until in or around June 2022 by Defendants at DEJAVU.

28. During Plaintiff MISHELLE GARCIA'S employment by Defendants, Plaintiff's primary duties were bartending, while performing other miscellaneous duties from in or around December 2019 until in or around June 2022.

29. Plaintiff MISHELLE GARCIA was paid by Defendants approximately $200.00 per day from in or around December 2019 until in or around June 2022.

30. Defendants failed to pay Plaintiff MISHELLE GARCIA the legally prescribed minimum wage for her hours worked from in or around December 2019 until in or around June 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

31. Although Plaintiff MISHELLE GARCIA worked approximately ninety-eight (98) hours or more per week during her employment by Defendants from in or around December 2019 until in or around June 2022, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

32. Furthermore, Plaintiff MISHELLE GARCIA worked approximately fourteen (14) or more hours per day, seven (7) days a week from in or around December 2019 until in or around June 2022, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

33. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

34. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

35. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of herself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

37. Collective Class: All persons who are or have been employed by the Defendants as employees who were responsible for bartending, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation and proper minimum wage compensation.

38. Upon information and belief, Defendants employed between 15 and 25 employees within the past three years subjected to similar payment structures.

39. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation or proper minimum wage compensation.

40. Defendants' unlawful conduct has been widespread, repeated, and consistent.

41. Upon information and belief, Defendant had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay and proper minimum wage compensation.

42. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

43. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

44. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

45. The claims of Plaintiff are typical of the claims of the putative class.

46. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

47. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

48. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

50. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

51. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

52. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

53. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

54. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

**Overtime Wages Under New York Labor Law**

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

57. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

58. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

**Minimum Wages Under The Fair Labor Standards Act**

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
60. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
61. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
62. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
63. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.
64. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.
65. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.
66. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

**FOURTH CAUSE OF ACTION**

**Minimum Wages Under New York Labor Law**

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
68. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.
69. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

70. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

71. Defendants also failed to pay Plaintiff the required minimum wage, which Plaintiff were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

72. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

75. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

76. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

78. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

79. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
80. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
81. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff unpaid overtime wages;
c. Awarding Plaintiff unpaid minimum wages;
d. Awarding Plaintiff unpaid spread of hours compensation;
e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
f. Awarding Plaintiff prejudgment and post-judgment interest;
g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
h. Awarding such and further relief as this court deems necessary and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 31st day of October 2023.

*Janelle Romero*
_____
Janelle J. Romero, Esq. (5750195)

Gen Esq Law PLLC
515 Madison Avenue #8140
New York, New York 10022
Telephone: 201-503-7754

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MISHELLE GARCIA, individually and on behalf of all others similarly situated,

                Plaintiff,

-against-

DEJAVU OF STATEN ISLAND, CORP. d/b/a DejaVu Sports Bar, and CARLOS DIAZ and FERNANDO VIVANCO, as individuals,

                Defendants.

## COLLECTIVE ACTION COMPLAINT

GEN ESQ LAW PLLC
Attorneys for Plaintiffs
515 Madison Avenue #8140
New York, NY 10022
Phone (201) 503-7754

**TO:**

**DEJAVU OF STATEN ISLAND, CORP. d/b/a DejaVu Sports Bar**
**297 Port Richmond Avenue**
**Staten Island, New York 10314**

**CARLOS DIAZ**
**297 Port Richmond Avenue**
**Staten Island, New York 10314**

**FERNANDO VIVANCO**
**127 Copley Street**
**Staten Island, New York 10314**